UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-CV-20592-WILLIAMS/GARBER

MATT CRUSAN, *et al.*

    Plaintiffs,

v.

CARNIVAL CORP.,

    Defendant.
_____/

**REPORT AND RECOMMENDATIONS**

    THIS CAUSE is before the Court by Order of Reference from United States District Judge Kathleen M. Williams. Pursuant to such reference, the Court has received defendant Carnival Corp.'s Motion to Enforce Settlement. (DE 136.) The Court also received the plaintiffs' Response (DE 141) and Carnival's Reply (DE 144). A hearing on the motion was held on May 28, 2015. Michael Winkleman, Esquire, appeared on behalf of the plaintiffs, and Curtis Mase, Esquire, appeared on behalf of Carnival. Having reviewed and considered the filings and having also held a hearing in this matter, the Court respectfully RECOMMENDS GRANTING Carnival's motion. (DE 136.)

**I.     Background**

    This case arises out of an action against Carnival for various alleged injuries passengers suffered as a result of an engine room fire onboard the Carnival *Triumph*. The parties met for mediation over the course of two days, and on April 21, 2015, plaintiffs' counsel entered into an agreement with Carnival to settle the entire case on behalf of the remaining fifty-five plaintiffs. (DE 136, 2-3.) The plaintiffs' counsel filed a Notice of Settlement, but at the same time filed a Motion

to Withdraw as counsel with respect to four of the plaintiffs, Diego Maria Delacroix, Maria Lydia Delacroix, Kaitlyn Moses Delacroix, and Diego Jorge Delacroix, due to irreconcilable differences. (DE 131 & 132.) Carnival filed a Motion to Enforce Settlement asserting that regardless of any irreconcilable differences between the plaintiffs' counsel and the Delacroixs, plaintiffs' counsel had apparent authority to settle the entire case, and any irreconcilable differences should not affect the enforceability of the parties' settlement. (DE 136.) In its Response, the plaintiffs' counsel agreed with Carnival that he did have authority to settle the entire case on behalf of all fifty-five plaintiffs, including the Delacroixs. He further agreed that the entire case had in fact settled on April 21, 2015. (DE 141.) Plaintiffs' counsel also filed a notice informing the Court that three of the four Delacroix plaintiffs recently accepted the settlement, leaving only Diego Jorge Delacroix reportedly unwilling to comply with the settlement terms.[1] (DE 145.)

## II. Discussion

The District Court has inherent authority to enforce settlement agreements. Cia Anon Venezolana De Navegacion v. Harris, 374 F.2d 33, 36 (5th Cir. 1967). General maritime law applies to actions involving torts committed aboard a ship sailing in navigable waters. Keefe v. Bahama Cruise Line, Inc., 867 F.2d 1318, 1320 (11th Cir. 1989) (citing Kermarec v. Compagnie Generale Transatlantique, 358 U.S. 625, 628 (1959)); see also Everett v. Carnival Cruise Lines, 912 F.2d 1355, 1358 (11th Cir. 1990) (finding that federal admiralty law controls maritime tort cases). Under federal law, the attorney of record is presumed to have authority to compromise and settle on behalf of his clients. Mid-S. Towing Co. v. Har-Win, Inc., 733 F.2d 386, 390 (5th Cir. 1984). The Court finds that, in order to rebut the presumption of an attorney's authority, the party opposing the

---

[1] Diego Jorge Delacroix did not appear, either in person or telephonically at the hearing on May 28, 2015. Nor did he obtain new counsel to appear on his behalf pursuant to the District Judge's instructions. (DE 142, n1).

settlement must come forward with evidence that the attorney lacked the authority to settle on behalf of his client. See Mid-S. Towing Co., 733 F.2d at 390 (recognizing the need for affirmative proof to show that an attorney lacked authority to consent to the entry of judgment against the plaintiff); see also Feldman Inv. Co. v. Conn. Gen. Life Ins. Co., 78 F.2d 838, 840 (10th Cir. 1935) (noting that the appearance of an attorney creates a presumption of authority and the burden to prove the contrary lies with the one contesting that authority); Bethlehem Steel Corp. v. Devers, 389 F.2d 44, 45-46 (4th Cir. 1968) (setting forth the need for "clear and convincing" evidence to overcome the presumption of an attorney's authority).

In this case, the plaintiffs' counsel is the attorney of record for all 55 plaintiffs and has consistently stated that he had the authority to settle the entire case at the time of mediation. The settlement terms require resolution of the entire case for all fifty-five plaintiffs, and Carnival provided the Court with the settlement agreement *in camera*, which was signed by representatives of both parties. At the hearing on Carnival's Motion to Enforce Settlement, plaintiffs' counsel also stated that two of the Delacroix plaintiffs, Diego Maria Delacroix and Maria Lydia Delacroix gave him authority to settle the claims on behalf of the entire Delacroix family at a prior mediation. Plaintiff's counsel also stated that he subsequently confirmed his authority with Diego Jorge Delacroix to settle the claims against Carnival. Diego Jorge, the lone hold out, has not carried his burden of coming forward with affirmative proof that his attorney lacked the authority to settle on his behalf.

### III.   Conclusion and Recommendation

For the reasons set forth above and based upon the Court's review of the record, and in consideration of the submissions of the parties, the undersigned respectfully

RECOMMENDS that Carnival's Motion to Enforce Settlement be GRANTED and that the parties have **thirty days** to comply with the terms of the settlement agreement. The undersigned further RECOMMENDS that if any plaintiff, at the expiration of the thirty days, has failed to comply with the settlement terms, that such plaintiff's claim should be DISMISSED WITH PREJUDICE.

The parties have fourteen (14) days from the date of this Report and Recommendation within which to file written objections, if any, with United States District Judge Williams. See 28 U.S.C. §636 (1991). Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir.), cert. Denied, 488 U.S. 958 (1988).

DONE AND SUBMITTED in Chambers at Miami, Florida this 2nd day of June 2015.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE